OA 91 Criminal Complaint

# United States District Court

**FILED**
MAY 16 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

__NORTHERN__ DISTRICT OF __CALIFORNIA__

UNITED STATES OF AMERICA
V.
JOSE ALFREDO GARCIA-SANCHEZ

**CRIMINAL COMPLAINT**

Case Number: **4-07-70280**

**WDB**

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about __May 11, 2007__ in __Alameda__ County, in the __NORTHERN__ District of __CALIFORNIA__ defendant(s) did,

(Date)

(Track Statutory Language of Offense)

intentionally use force in assaulting, resisting, opposing, impeding, intimidating, or interfering with federal officers, to wit; US Immigration and Customs Enforcement Special Agent Derek Ohlander and Special Agent Scott Steward, while US Immigration and Customs Enforcement Special Agent Derek Ohlander and Special Agent Scott Steward were each engaged in or on account of their official duties,

in violation of Title __18__ United States Code, Section(s) __111(a)__ .
I further state that I am a(n) __DHS ICE Special Agent__ and that this complaint is based on the
Official Title
following facts:

See Attached Affidavit herein incorporated by reference

Maximum Penalties: 8 years imprisonment; $250,000.00 fine; 3 years supervised release and $100 special assessment.

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

Approved As To Form: __BRYAN R. WHITTAKER, Special Assistant U.S. Attorney__
AUSA

SCOTT R. STEWARD, Special Agent, ICE
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

__May 16, 2007__  at  San Francisco, California
Date                                                City and State

HONORABLE ELIZABETH LAPORTE   U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Scott R. Steward, being duly sworn, do hereby depose and state as follows:

I. **INTRODUCTION**

1.  I am currently assigned as a Senior Special Agent with the United States Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"), Office of the Special Agent in Charge, San Francisco, (SAC/San Francisco). I am currently assigned to the Port Security/Critical Infrastructure Unit. I have been employed as a Special Agent for approximately two years and eight months. Prior to becoming a Special Agent I was a United States Border Patrol Agent for approximately four years and eight months. During my eight-year career, I have investigated crimes such as alien smuggling, contraband smuggling, counterfeit documents, employer violations, immigration benefit fraud and criminal alien violations.

2.  This affidavit is submitted in support of a criminal complaint against JOSE ALFREDO GARCIA-SANCHEZ ("GARCIA") for a violation of Title 18 United States Code, Section 111(a)(1). This affidavit is based upon information known to me personally from the investigation, as well as information obtained from others who have investigated the matters contained herein and/or have personal knowledge of the facts herein.

II. **APPLICABLE UNITED STATES CODE PROVISION**

3.  United States Code, Section 111(a) provides: "[w]hoever-forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties...shall, where the acts

1

in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than 8 years, or both.

4. United States Code, Section 1114 provides, in relevant part: "any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance."

### III. FACTS SUPPORTING PROBABLE CAUSE

5. On or about May 11, 2007, at approximately 0700, ICE Port Security/Critical Infrastructure Protection Special Agents ("SA") Michael Barge, Michael Ertz, Derek Ohlander and I were following up on an attempted interview from May 4, 2007, at 1130 East 17th Street #3, Oakland, California. At approximately 0740, SA Ohlander and SA Ertz encountered two individuals walking from the direction of Apartment #3 who were about to enter a vehicle in the parking area of the apartment complex. Wearing plainclothes and a badge displayed prominently on a chain round his neck, SA Ohlander walked up to GARCIA and identified himself in Spanish stating, "Police, do you have identification?" Showing he understood SA Ohlander's directions, GARCIA made a motion to his back pocket as if reaching for a wallet containing identification. However, GARCIA indicated to SA Ohlander that he did not have any identification. SA Ohlander proceeded to ask GARCIA in Spanish where he was from. GARCIA responded that he was from Mexico. SA Ohlander again identified himself as law enforcement telling GARCIA that he was from Immigration and asked him if he had any documents from the United States.

2

6. At this point, GARCIA appeared to become agitated and aggressive including raising his voice at SA Ohlander. Based upon GARCIA's statement that he was from Mexico, his refusal to provide proof that he was legally present in the United States, and his increasingly aggressive behavior, SA Ohlander told GARCIA to turn around and place his hands behind his back. GARCIA promptly complied with the direction to turn around, initially appearing to obey, but he refused to place his hands behind his back and asked in a loud voice "Why, why." When SA Ohlander attempted to handcuff GARCIA, GARCIA abruptly turned back around to face SA Ohlander. At this time I walked to the car near where GARCIA was standing and directed GARCIA in a calm voice to turn around. I also gently, using little if any force, placed my hand on GARCIA's shoulder to direct him back around. GARCIA became more aggressively resistant by refusing to be handcuffed and by continuing to speak angrily using profanity at SA Ohlander in Spanish.

7. Determining that the escalating situation required a different firmer approach, SA Ohlander attempted to secure GARCIA's arm but was unable to do so. GARCIA yanked his arm away and immediately lunged at SA Ohlander aggressively assaulting SA Ohlander with closed fists. GARCIA continued to struggle by attempting to strike SA Ohlander in the head. SA Ohlander was able to keep GARCIA at bay with one arm by blocking punches and to reach for his OC ("Oleo Resin Capsicum") Spray with the other hand. SA Ohlander then shouted "spray," and proceeded to employ a stream of OC striking GARCIA in the face.

8. Observing that the OC spray had no effect on GARCIA because of his continued fighting and struggling by throwing punches, I determined that additional measures were necessary. Accordingly, I employed my collapsible steel baton by attempting to strike GARCIA's right leg on the common peronial nerve to force his compliance. I applied

3

approximately two strikes, but they also appeared ineffective. At this time, GARCIA's fighting became even more aggressive. I dropped my baton and utilized my OC spray which emitted a cloud of OC around GARCIA's face. GARCIA's fighting continued and he knocked the OC spray from my hand; he still refused to go to the ground. SA Ohlander indicated that after this deployment of OC spray, he had started feeling the effects of the OC in the air. At this point, SA Ohlander and I successfully induced GARCIA to the ground. GARCIA continued resisting, but I succeeded in getting handcuffs on one of GARCIA's wrists. Shortly thereafter I was able to completely handcuff GARCIA thereby stopping his attack.

9. At approximately 0750, GARCIA was transported to a different location, which was free of the OC Spray in the air, in order to decontaminate him from the effects of the OC spray. SA Barge decontaminated GARCIA by flushing GARCIA's face with water.

10. After GARCIA was arrested, SA Ohlander realized that he was bleeding and had four minor lacerations about his face. Several hours later, I realized that during the altercation with GARCIA, I had received a minor contusion on my left shin approximately three inches below the knee.

## IV.   CONCLUSION

11. I respectfully submit that the above presented facts establish probable cause to believe that JOSE ALFREDO GARCIA-SANCHEZ did knowingly and willfully forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated as an employee of the United States or of any agency in any branch of the United States Government, to wit; United States Immigration and Customs Enforcement Special Agents, while engaged in or

////

4

on account of the performance of official duties, in violation of Title 18, United States Code, Section 111(a)(1).

*[signature]*
SCOTT R. STEWARD
Special Agent, DHS ICE

Sworn and subscribed
Before me this 16th day of May, 2007

*[signature]*
HONORABLE ELIZABETH D. LAPORTE
United States Magistrate Judge

5